UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

GREAT LAKES TRANSPORTATION
HOLDING L.L.C., d/b/a METRO CARS,

        Plaintiff,

vs.

METRO 2 AIRPORT SEDAN SERVICE,
d/b/a DTW METRO CARS and METRO
EXPRESS CARS, and MUMTAZ
CHAUDHRY,

        Defendants.

Case No.:

Judge:

---

Jill M. Wheaton (P49921)
Joseph A. Doerr (P66109)
Dykema Gossett PLLC
Attorneys for Plaintiff Great Lakes
  Transportation Holding Co.
2723 South State Street, Suite 400
Ann Arbor, Michigan 48104
(734) 214-7629

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Great Lakes Transportation Holding L.L.C., by its attorneys Dykema Gossett PLLC, states as follows for its Complaint:

### THE PARTIES

1. Plaintiff Great Lakes Transportation Holding Company, d/b/a Metro Cars, ("Metro Cars"), is a Michigan corporation with its principal place of business located at 24957 Brest Road, Taylor, Michigan 48180.

2. Upon information and belief, Defendant Metro 2 Airport Sedan Service is a Michigan corporation with its principal place of business at 15459 Dupage Blvd., Taylor

Michigan, 48180. Upon information and belief, Defendant does business as DTW Metro Car and Metro Express Cars.

3. Upon information and belief, Defendant Mumtaz Chaudhry is the owner and/or operator of Metro 2 Airport Sedan Service and resides at 15459 Dupage Blvd, Taylor, Michigan 48180.

## JURISDICTION

4. This is a suit for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; false designation of origin under Section 43(a)(1) of the Lanham Act; trademark dilution under Section 43(c) of the Lanham Act; violation of the Anti-Cybersquatting Act; and for common law unfair competition and unjust enrichment. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 and the doctrines of ancillary and pendent jurisdiction.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391.

## FACTS

6. Plaintiff Metro Cars is engaged in the business of providing luxury sedan chauffeuring and other transportation services ( the "Services").

7. Plaintiff has used, and is currently using, the servicemark "METRO CARS" ("Servicemark") on or in connection with the Services to distinguish the Services from the goods and services of others.

2


8. Metro Cars has prominently displayed the Servicemark on the internet and owns the rights in the domain name www.metrocars.com, and has used the Servicemark in its advertising materials, on vehicles, on its website and on other materials promoting the Services.

9. As a result of Metro Cars' promotion and marketing efforts and the quality of Plaintiff's Services, the Servicemark is widely and favorably known. The Servicemark has become a valuable asset of Metro Cars and a symbol of its goodwill.

10. Due to Metro Cars' exclusive prior and continuous use the Servicemark has become the exclusive property of Metro Cars. Furthermore, such use has caused the Servicemark to acquire a meaning exclusively with Plaintiff's goods and services and serves to distinguish its services from the services of others.

11. In recognition of the distinctive nature of the "METRO CARS" servicemark, the U.S. Patent and Trademark Office issued Registration No. 1,908,853 for "METRO CARS" ("the '853 Mark") on August 1, 1995. A copy of the registration is attached hereto as Exhibit A.

12. The '853 Mark has been assigned to Plaintiff. A copy of the assignment abstract is attached as Exhibit B.

13. Upon information and belief, Defendant is engaged in the business of providing chauffeur and other transportation services.

14. Defendants advertise, market and sell services that directly compete with the Services offered by Plaintiff.

15. On information and belief, despite Plaintiff's continuous and exclusive use of its Servicemark, METRO CARS, and Plaintiff's ownership of that Servicemark, Defendants have adopted a colorable imitation of the METRO CARS Servicemark and used said colorable imitation in connection with competing services. In particular, Defendants operate websites under the url addresses www.detroitmetrolimo.com and www.metroexpresscars.com, (which takes one directly to the www.detroitmetrolimo.com page) and market chauffeur and other transportation services on that website under the name "DTW Metro Cars". A copy of the home page from Defendants' website is attached as Exhibit C.

16. On information and belief, Defendants' conduct described above is part of a deliberate plan to trade on Plaintiff's goodwill and to otherwise unfairly compete with Plaintiff and benefit therefrom.

17. On information and belief, Defendants are acting with full knowledge of Plaintiff's prior rights in the Servicemark and are willfully infringing Plaintiff's Servicemark. Plaintiff has sent cease and desist letters to Defendants.

18. Defendants' wrongful acts have caused and are causing irreparable injury and monetary damages to Plaintiff, and unless this Court restrains Defendants from further commission of these acts, Plaintiff will suffer further irreparable injury for which Plaintiff has no adequate remedy at law.

### COUNT I — FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)(1)

19. Plaintiff hereby incorporates the allegations of paragraphs 1-19.

20. Plaintiff is the owner of all right, title, and interest in the "METRO CARS" Servicemark.

21. On information and belief, Defendants have used and is currently using the designations "Metro Car", and/or substantially similar names, such as "DTW Metro Cars" and "Metro Express Cars" in commerce in connection with chauffeur and other transportation services. Such use is without the consent of Plaintiff.

22. Defendants' use of the above designations is likely to cause, and has actually caused confusion, mistake, or deception as to:

(a) Defendants' affiliation, connection, or association with Plaintiff; and/or

(b) the origin, sponsorship, or approval of Defendants' products, services, or commercial activities by Plaintiff.

23. Defendants' use of the above designations misrepresents the nature, characteristics, and/or qualities of Defendants' services and commercial activities.

24. Plaintiff has been damaged by Defendants' use of the above designations and is likely to be further damaged by Defendants' continued use of the designations. In particular, Defendants' use of the designation is likely to cause Plaintiff's Servicemark to lose its significance as an indicator of origin.

25. Upon information and belief, Defendants adopted and first used colorable imitations of, and designations substantially identical to, Plaintiff's Servicemark with full knowledge of Plaintiff's rights. Therefore, Defendants have willfully infringed such rights.

## COUNT II — TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

26. Plaintiff hereby incorporates the allegations of paragraphs 1-26.

27. Plaintiff is the owner of all right, title, and interest in the "METRO CARS" Servicemark.

28. Plaintiff is the owner of U.S. Servicemark Registration No. 1,908,853 for "METRO CARS". The registration remains valid, subsisting and uncancelled and, per 15 U.S.C. § 1115(a), is evidence of Plaintiff's ownership of and exclusive right to use the "METRO CARS" servicemark in commerce.

29. The Servicemark is distinctive, has been used extensively for years, has been heavily promoted, and is highly recognized. The Servicemark is a "famous" mark.

30. After the Servicemark became famous, Defendants began using the designations "Metro Car", and/or substantially similar names, such as "DTW Metro Cars" and "Metro Express Cars" in commerce for commercial gain.

31. Defendants' use of the above designations dilutes the distinctive quality of the Servicemark in violation of 15 U.S.C. § 1125(c) because, upon information and belief, the chauffeur and other transportation services provided by Defendants are inferior in quality to the Services offered by Plaintiff.

32. Upon information and belief, Defendants willfully intended to trade on the reputation of Plaintiff or to cause dilution of Plaintiff's Servicemark.

33. As a result of Defendants' wrongful conduct, Plaintiff has suffered injuries.

6

## COUNT III — TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

34. Plaintiff hereby incorporates the allegations of paragraphs 1-34.

35. Plaintiff is the owner of all right, title, and interest in and to the "METRO CARS" Servicemark.

36. Upon information and belief, Defendants have used, and are currently using, the designations "Metro Car," and/or substantially similar names, such as "DTW Metro Cars" and "Metro Express Cars", in commerce in connection with the sale, offering for sale, distribution or advertising of chauffeur and other transportation services, and have informed customers or potential customers that they are Plaintiff or are affiliated with Plaintiff. Such use is without the consent of Plaintiff.

37. Defendants' use of the above designations is likely to cause confusion, mistake, or deception as to:

(a) Defendants' affiliation, connection, or association with Plaintiff; and/or

(b) the origin, sponsorship, or approval of Defendants' products, services, or commercial activities by Plaintiff.

38. Plaintiff has been damaged by Defendants' use of the above designations and is likely to be further damaged by Defendants' continued use of these designations. In particular, Defendants' use of these designations is likely to cause Plaintiff's "METRO CARS" servicemark to lose its significance as an indicator of origin.

39. Upon information and belief, Defendants adopted and first used colorable imitations of, and designations substantially identical to, Plaintiff's "METRO CARS"

servicemark with full knowledge of Plaintiff's rights. Therefore, Defendants have willfully infringed such rights.

## COUNT IV — COMMON LAW UNFAIR COMPETITION

40. Plaintiff hereby incorporates the allegations of paragraphs 1-40.

41. Plaintiff and Defendants are competitors, offering the same services, i.e., car and limousine services.

42. Defendants' actions as set forth herein are designed to unfairly compete with Plaintiff and constitute unfair competition under the common law of the state of Michigan.

43. Plaintiff has suffered irreparable harm and monetary damages as the direct and proximate result of Defendants' actions.

## COUNT V- UNJUST ENRICHMENT

44. Plaintiff hereby incorporates the allegations of paragraphs 1-44.

45. By the aforesaid conduct, Defendants have received a benefit by avoiding the labor and expense of independently developing a source designating mark and the goodwill associated therewith.

46. Upon information and belief, Defendants have further benefited by selling products and services it would not otherwise have been able to sell. These benefits have come at the expense of Plaintiff and it would be inequitable for Defendants to retain the benefits.

47. Defendants have been unjustly enriched.

## COUNT VI – VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT UNDER 15 U.S.C. §1125(d)(1)(A)

48. Plaintiff hereby incorporates the allegations of paragraphs 1-48.

49. Upon information and belief, Defendants caused the domain name www.metroexpresscars.com to be registered. This mark is confusingly similar to Plaintiff's Servicemark.

50. Upon information and belief, the www.metroexpresscars.com domain name was registered in August, 2008. Plaintiff's Servicemark was distinctive at the time of registration of this domain name by Defendants.

51. Upon information and belief, Plaintiff's Servicemark was famous at the time of registration of the domain name by Defendants.

52. Plaintiff is the owner of U.S. Servicemark Registration No. 1,908,853 for "METRO CARS". The registration remains valid, subsisting and uncancelled and, per 15 U.S.C. § 1115(a), is evidence of Plaintiff's ownership of and exclusive right to use the "METRO CARS" Servicemark in commerce.

53. Plaintiff operates a website under the domain names www.metrocars.com in order to advertise and promote its services in the transportation service industry.

54. Defendants operate and use the domain name www.metroexpresscars.com to advertise and promote their services in the transportation service industry.

55. Upon information and belief, Defendants had a bad faith intent to profit from the use of Plaintiff's Servicemark.

9

56.     Upon information and belief, Defendants seek to divert consumers from the Plaintiff's online location to websites that harm the goodwill represented by the Plaintiff's Servicemark, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website.

57.     Defendants registered or caused to be registered, and used the above domain names subsequent to the enactment of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A).

58.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court enters judgment in its favor against Defendants as follows:

A.      That Plaintiff's rights in and to the Servicemark are valid, enforceable and have been infringed by Defendants.

B.      That Defendants have willfully infringed Plaintiff's rights.

C.      That Defendants, their agents, servants, employees and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

(1)     using Plaintiff's Servicemarks or colorable imitations thereof and other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights, including but not limited to "DTW Metro Cars" and "Metro Express Cars";

(2) advertising under Plaintiff's Servicemark, colorable imitations of Plaintiff's Servicemark, or other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights;

(3) informing customers or potential customers that they are Metro Cars, or are affiliated with, Metro Cars;

(4) operating any domain name containing the words "Metro" and "Car" or "Cars" in close proximity;

(5) using the designation "Metro Cars" or "Metro Car," or any variations thereof within meta-tags for, or as html codes for, Defendant's websites; and

(6) otherwise infringing Plaintiff's rights in its Servicemark and competing unfairly with Plaintiff.

D. That Defendants are required to pay to Plaintiff such damages, statutory or otherwise, together with prejudgment interest thereon, as Plaintiff has sustained in consequence of Defendants' unlawful acts, and to account for and return to Plaintiff any monies, profits, and advantages gained by Defendants.

E. That all damages sustained by Plaintiff be trebled.

F. That Defendants are required to pay to Plaintiff punitive and exemplary damages.

G. That Defendants deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all infringing articles and immediately discontinue use of the infringing websites.

H. That Defendants pay to Plaintiff the costs and disbursements of this action, and that reasonable attorney's fees are allowed to Plaintiff by this Court.

I.   That Defendants are directed to file, with this Court, and serve on Plaintiff within thirty (30) days after the service of any temporary restraining order, and/or preliminary or permanent injunction a written report under oath setting forth in detail the manner and form, in which, Defendants have complied with the injunction.

J.   That Plaintiff is granted such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

<div style="text-align:right">
Respectfully submitted,

DYKEMA GOSSETT PLLC

By: s/Jill M. Wheaton
Jill M. Wheaton (P49921)
Joseph A. Doerr (P66109)
Attorneys for Plaintiff
2723 South State Street, Suite 400
Ann Arbor, MI 48104
(734) 214-7629
</div>

Date: September 16, 2014