UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES TRANSPORTATION
HOLDING LLC.,                                              Case No. 14-13594

       Plaintiff,                                                   Honorable Nancy G. Edmunds

v.

METRO 2 AIRPORT SEDAN SERVICE, ET
AL,

       Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [11] AND GRANTING A PERMANENT INJUNCTION**

On September 16, 2014, Plaintiff, Great Lakes Transportation Holding, LLC, filed this complaint against Defendants Metro 2 Airport Sedan Service and its principal, Mumtaz Chaudhry, asserting claims for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1051 *et seq*.  On December 5, 2014, Defendant Chaudhry was served with Plaintiff's complaint. The process server left copies at Chaudhry's usual place of abode with an individual who identified himself as Chaudhry's cousin. Three months later, on December 30, 2014, the clerk of the Court entered a default against Chaudhry based on his failure to plead or otherwise defend. (Dkt. 9). On that same day, Plaintiff voluntarily dismissed its claims against Defendant Metro 2 Airport Sedan Service. (Dkt. 10).

Currently before the Court is Plaintiff's request for a default judgment against Chaudhry. Plaintiff seeks injunctive relief prohibiting Chaudhry from using its servicemark "Metro Cars." Plaintiff has agreed to withdraw its request for money damages if the injunction is granted.

Default judgment is governed under Fed. R. Civ. P. 55(b). Once a default is entered, the Defendants are considered to have admitted all of the well-pled allegations in the complaint. *Ford Motor Co. v. Cross,* 441 F.Supp.2d 837, 845 (E.D. Mich. 2006). To obtain a default judgment pursuant to Rule 55(b)(2), a plaintiff's motion and supporting affidavits must provide:

1. The nature of the claim;

2. That the return of service was filed with the Court and that the service was properly made on the defendant;

3. A statement that the defendant is not:

 a) an infant or incompetent person; or

 b) in the military service;

4. The date the Clerk entered a default because the defendant failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 55(a);

5. The sum certain or the information necessary to allow the computation of a sum certain;

*See* Fed. R. Civ. P. 55(b); E.D. Mich. L.R. 55.2. "After a court determines that a default judgment should be entered, it will determine the amount and character of the recovery awarded." *Am. Auto. Ass'n v. Dickerson*, 995 F. Supp. 2d 753, 756 (E.D. Mich. 2014).

Accepting the well-pleaded facts as true, the Court finds that Chaudhry has violated Plaintiff's rights by using the servicemark "Metro Cars" in connection with his business. Specifically, Plaintiff maintains that Chaudhry marketed chauffeur and other transportation services under the name "DTW Metro Cars." "By using [this] mark without permission, Defendants are falsely representing that Plaintiff has endorsed or approves of their business." *Id.* at 757. "The use of [the Metro Cars name and mark] is likely to create

confusion and mislead consumers into believing that Plaintiff endorses and recommends Defendant's business." *Id.* The Court further notes that Plaintiff alleges that Choudhry's actions are willful and deliberate given that Plaintiff has mailed cease and desist letters to his attention.

In order to prevent Choudhry from continuing to misappropriate its mark, Plaintiff requests that the Court enjoin Defendants from: "using Plaintiff's Servicemark "Metro Cars" . . . or colorable imitations thereof and other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights . . . ." and further order Defendants to "remove or cause to be removed the name DTW Metro Cars from any and all listing of Defendant's companies, names, assumed names, or d/b/a's . . . . ."

The Lanham Act provides for permanent injunctions to prevent future violations of the Act. 15 U.S.C. § 1116. "A plaintiff who seeks a permanent injunction must demonstrate: (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) that considering the hardships between the plaintiff and defendant; a remedy in equity is warranted; and (4) that it is in the public's interest to issue such an injunction." *Dickerson*, 995 F. Supp. 2d at 757-58 (citation omitted). But, the Sixth Circuit has held "that no particular finding of likelihood of . . . irreparable harm is necessary for injunctive relief in trademark infringement or unfair competition cases." *Id* at 758. (citation omitted). Such a finding is not necessary because "irreparable injury ordinarily follows when a likelihood of confusion or possible risk to reputation appears from infringement or unfair competition." *Id.* (citation and quotation marks omitted).

3

Here, the Court finds that a permanent injunction is warranted. Plaintiff has suffered an irreparable injury in that Choudhry is infringing Plaintiff's Metro Cars mark by using it without permission. There is also no adequate remedy at law, since there is a potential for future harm from continuing infringement. *Id.* (citation omitted). Moreover, Plaintiff would also suffer hardship in that he faces the possibility of the loss of goodwill. *Id.* And finally, as the *Dickerson* court noted, preventing consumer confusion is in the public's interest. *Id.*

For the above-stated reasons, the Court GRANTS Plaintiff's motion for default judgment. The Court therefore ORDERS that Choudhry, his companies, employees, corporations, and related corporations are permanently enjoined and restrained from:

(1) using Plaintiff's Servicemark "METRO CARS" (hereinafter, "Service Mark"), or colorable imitations thereof and other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights, including, but not limited to, DTW Metro Cars or any other name using the words "Metro Car," "Metro Cars," and/or "Metro" and "Cars" in close proximity in connection with any car service;

(2) operating websites and/or a Facebook page using a domain or other name or url that contains both the words "Metro" and "Car(s)," including but not limited to www.metroexpresscars.com;

(3) using "Metro" and "Cars" in close proximity or any variations thereof as internet search terms and/or key word searches in any advertising agreement or arrangement with Google, Yahoo, Bing, or any other internet search engine;

(4) using "Metro" and "Cars" in close proximity or any variations thereof as meta tags for, or as html codes for, Defendant's website(s);

(5) listing any phone numbers in directory assistance or on any on-line directories under Plaintiff's Servicemark, colorable imitations of Plaintiff's Servicemark, or other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights, including DTW Metro Cars and any other name using the words "Metro Car," "Metro Cars," and/or "Metro" and "Cars" in close proximity;

(6) informing or suggesting to customers or potential customers that they are DTW Metro Cars and/or are affiliated with Metro Cars;

(7) using "Metro Car," "Metro Cars," and/or "Metro" and "Cars" in close proximity in any e-mail address for Defendant and/or his companies;

(8) otherwise infringing Plaintiff's rights in its Servicemark and competing unfairly with Plaintiff.

IT IS FURTHER ORDERED that Choudhry, his companies, agents, employees, corporations and related corporations, and all persons in active concert or participation with them:

(1) review their websites and change his websites' address/url and website meta tags/html codes, internet search terms and/or key word searches, and destroy any and all advertising, promotional materials, business cards, signs, listings in any print and on-line directories, and the like, that contain Plaintiff's Servicemark, colorable imitations of Plaintiff's Servicemark, or other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights, so as to remove the names "DTW Metro Cars" from the sites and materials themselves and from meta-tags, internet search terms and/or key word

searches, html codes, and/or search terms for same;

      (2)    remove or cause to be removed the name DTW Metro Cars from any and all listing of Defendant's companies, names, assumed names or d/b/a's, including but not limited to, listings with the State of Michigan and listings with any on-line or print directories.

This Court shall retain jurisdiction to enforce the terms of this Order and any other subsequent proceedings in this matter.

      SO ORDERED.

                      s/Nancy G. Edmunds
                      Nancy G. Edmunds
                      United States District Judge

Dated: February 27, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2015, by electronic and/or ordinary mail.

                      s/Carol J. Bethel
                      Case Manager